# Exhibit D

Exhibit D

NIRAV INGREDIENTS, INC. and ASH INGREDIENTS, INC.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A. and JOHN DOE(S),

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DECLARATION OF SAVITA DAVIS IN SUPPORT OF DEFENDANT WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT**

## DECLARATION OF SAVITA DAVIS

I, SaVita Davis, hereby declare as follows:

1. My name is SaVita Davis. I am over 21 years old, competent to testify about the matters in this declaration, and am authorized to make this declaration on behalf of Wells Fargo Bank, N.A. ("Wells Fargo").

2. I am a Business Support Consultant for Wells Fargo. Because of my experience with Wells Fargo, I am familiar with its recordkeeping practices and procedures. I make this declaration based on my personal knowledge obtained through my employment, training, and experience at Wells Fargo, and my review of Wells Fargo's business records. If called as a witness, I could and would testify competently to the facts in this declaration.

3. Through my employment with Wells Fargo, I have access to Wells Fargo's books and records (including access to electronically stored data) related to transactions involving Ash Ingredients, Inc. and Nirav Ingredients, Inc. which were made at or near the time of the events and occurrences described in them. These records were kept in the ordinary course of Wells

45219998 v3

**Exhibit D**

Fargo's regularly conducted business activities, and it is the regular practice of Wells Fargo to make and rely on such records.

4. Account XXXXXX6081 (the "Account") was a Way2Save Savings Account opened on September 30, 2014 by Karen Paige as sole owner of the Account. Ms. Paige has been a customer with Wells Fargo, and its successors-in-interest, since 2004.

5. Wells Fargo opens consumer savings accounts, like the Account, through an electronic process that verifies the customer's identity through his or her social security number and two forms of identification, one of which must be government issued.

6. In addition to verifying the customer's identity, Wells Fargo also uses the Early Warning System, a third party platform that searches for any negative banking history associated with the customer's name and/or social security number for the last three years. Negative banking history can include fraudulent account activity, recurring overdraft activity, or account mishandling. If the Early Warning System detects any negative banking history, Wells Fargo will not open an account for the customer.

7. In this case, Wells Fargo properly verified Ms. Paige's identity at the time the Account was opened by verifying her Social Security Number and reviewing two forms of identification, specifically, Ms. Paige's driver's license and a credit card issued in her name.

8. Wells Fargo also ran a search for Ms. Paige with the Early Warning System, and no negative banking history was detected.

9. Accordingly, Wells Fargo verified Ms. Paige's identity at the time the Account was opened and determined that her banking history, as reported by the Early Warning System, did not pose a threat for mishandling of the Account.

10. At all times prior to May 2019, the Account was in good standing with no history of red flags or suspicious activity, including no fraudulent wire activity, no overdrafts, no

2

45219998 v3

**Exhibit D**

fraudulent checks, and no claims. At all times, Wells Fargo closely monitored the Account and maintained the Account in accordance with applicable policies, regulations, and laws.

11. On June 3, 2019, Nirav reported two fraudulent wires to Wells Fargo (the "Wires"). Nirav stated that the Wires were sent to the Account pursuant to a fraudulent email scheme perpetrated by a third-party hacker (the "Hacker"). Wells Fargo opened two claims nos. 190603007258 and 1900603007315 (the "Claims"), one for each Wire, in response to Nirav's report.

12. On June 4, 2019, as a result of the Claims, Wells Fargo placed a Hard Hold on the Account. The Hard Hold was placed on the Account in accordance with Wells Fargo policy and procedure so the Account would be inaccessible while Wells Fargo investigated the Claims.

13. On June 18, 2019, as a result of the Claims, Wells Fargo closed the Account for improper account handling. Specifically, because the Claims stated that the Wires were intended for a different account, and Ms. Paige did not report the wired funds to Wells Fargo, Wells Fargo determined that Ms. Paige did not properly handle her Account, and closed it.

14. Wells Fargo takes improper account handling very seriously, so in addition to closing the Account on June 18, 2019, Wells Fargo closed its entire customer relationship with Ms. Paige in accordance with Wells Fargo policy and procedure.

15. Ms. Paige has not been a customer of Wells Fargo since June 2019 and does not have any current accounts with Wells Fargo.

FURTHER THE DECLARANT SAYS NOT.

"

45219998 v3

**Exhibit D**

I declare under penalty of perjury that the foregoing is true and correct.

_____

Savita Davis
Print Name

EXECUTED on this **26th** day of _____ March _____, 2021.

**Exhibit D**