# Exhibit K

Exhibit K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:20-cv-366

NIRAV INGREDIENTS, INC. and ASH
INGREDIENTS, INC.,

     Plaintiffs,

v.

WELLS FARGO BANK, N.A. and JOHN
DOE(S),

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**NIRAV INGREDIENTS, INC.'S
RESPONSES TO WELLS FARGO
BANK, N.A.'S
FIRST DISCOVERY REQUESTS**

**NOW COMES** Plaintiff Nirav Ingredients, Inc. ("Nirav") to answer Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") First Discovery Requests ("Discovery Requests") to Nirav Ingredients, Inc. ("Nirav" or "Plaintiff") as follows:

### BEST KNOWLEDGE

Nirav's responses are made to the best of its present knowledge, information and belief. These responses are at all times subject to additional or different information, knowledge or facts that discovery or further investigation may disclose.

### GENERAL OBJECTIONS

1. These General Objections are applicable to and are incorporated into all answers and responses.

2. In responding to these Discovery Requests, Nirav does not admit that any document requested or produced is relevant to any claim or defense in this action or that any such document is authentic or otherwise meets any of the requirements of admissibility.

3. Nirav objects to Defendant's Discovery Requests to the extent they exceed the scope of discovery allowed under the Federal Rules of Civil Procedure.

**Exhibit K**

4. Nirav objects to Defendant's Discovery Requests to the extent they seek to impose definitions and/or instructions beyond what is set forth in the Federal Rules of Civil Procedure.

5. Nirav to Respondent's First Discovery Requests to the extent they seek discovery of information and/or documents that are protected by the attorney/client privilege and/or attorney work product doctrine.

6. Nirav objects to Defendant's Discovery Requests to the extent they seek information or documents not in the possession, custody, or control of Nirav.

7. A response that responsive documents, if any, will be produced is not a representation that such documents exist or are in Nirav's custody, or control, but only that such documents will be produced if they do exist and are found in the Nirav's possession, custody, or control based upon a reasonable search.

8. The following responses reflect Nirav's present knowledge, information, and belief and may be subject to modification or be supplemented based on further discovery, or based on facts or circumstances that may come to Nirav's attention during the course of discovery and/or preparation for the arbitration hearing.

9. Subject to and without waiver of the forgoing General Objections, Nirav responds as follows:

## INTERROGATORIES

1.   Identify any and all written contracts between you and Wells Fargo.

**RESPONSE:**

**Plaintiff objects to Interrogatory No. 1 because it seeks information that is necessarily in the custody or possession of Defendant since Defendant would be a party to any agreement entered into between Plaintiff and Defendant. Without waiving any objections, Plaintiff contends there no written contracts with Defendant are available in the information reasonable available to Plaintiff after diligent inquiry. Plaintiff reserves the right to supplement this response as new information becomes available through investigation and trial.**

2

**Exhibit K**

2.   Identify any basis for your averment that Wells Fargo (a) owed you an implied contractual duty and/or (b) breached that duty.

**RESPONSE:**

**Defendant failed to take the minimum steps necessary to verify the identity of the Hacker before allowing Hacker to open the Fake Account. Defendant should have known that the person opening the account was in no way affiliated with plaintiffs.**

3.   Identify any basis for your averment that Wells Fargo (a) owed or (b) breached a duty of good faith and fair dealing to Plaintiff.

**RESPONSE:**

**Defendant failed to take the minimum steps necessary to verify the identity of the Hacker before allowing Hacker to open the Fake Account. Defendant should have known that the person opening the account was in no way affiliated with Plaintiffs. Whether such duties amount to a breach of good faith and fair dealing is a legal conclusion to which no response is required, but Plaintiffs do maintain that the foregoing actions do amount to a breach of a duty of care.**

4.   Identify any basis under which you contend Nirav is entitled to recover its attorneys' fees.

**RESPONSE:**

Without waiving any objections, Plaintiff contends the North Carolina Unfair and Deceptive Trade Practices Act authorizes attorney's fees to be awarded to a prevailing party, and North Carolina General Statutes authorize attorney's fees to be awarded in certain instances involving claims for breach of contract as well as when the Court determines the non-existence of a justiciable issue of law or fact, as well as any other legal, statutory or equitable grounds permitting such an award.

5.   Describe the relationship between Ash and Nirav from January 1, 2018 to present.

**RESPONSE:**

Case 3:20-cv-00366-FDW   Document 27-11   Filed 04/14/21   Page 4 of 24

**Exhibit K**

Without waiving any objections, Plaintiff contends Plaintiff's relationship with Ash is valuable and important to Plaintiff's business. During the period inquired about, Plaintiff and Ash have conducted transactions the value of which has totaled approximately $1.6 million dollars.

6.      Identify any contracts between Ash and Nirav from January 1, 2018 to present.

**RESPONSE:**

Plaintiff objects on the grounds that this Interrogatory calls for a legal conclusion about whether a legal contract existed, and Plaintiff is not qualified or capable of rendering such an opinion nor is it Plaintiff's role to do so in a legal proceeding, and therefore no response is required. Without waiving any objections, Plaintiff contends that there are no written contracts that are responsive to this Interrogatory.

7.      Identify every payment Ash made to Nirav from January 1, 2018 to present.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant to Exhibit N attached to these Discovery Responses.

8.      Identify every item of damages Nirav is claiming in this action and how you arrived at that figure ("show your math").

**RESPONSE:**

Without waiving any objections, Plaintiff is seeking a return of the unauthorized transfer of funds to John Doe(s)' account with Defendant, or a damages award equal to the amount of that unauthorized transfer, for treble damages, costs, interest as permitted by law, and attorney's fees, as well as any other damages recoverable by law.

9.      Did you ultimately receive payment from Ash for the invoices that are the basis of this lawsuit?

**RESPONSE:**

Without waiving any objections, Plaintiff contends it did not ultimately receive payment from Ash for the invoices that are the basis of this lawsuit.

4

**Exhibit K**

10.     State the name, address, and telephone number of any person known or believed to have discoverable information with respect to any of the facts and circumstances giving rise to the allegations in the Complaint, and for each person, state what information that person is known or believed to have.

**RESPONSE:**

**Without waiving any objections, Nirav contends the following people have discoverable information with respect to any of the facts and circumstances giving rise to the allegations in the Complaint:**



a.  **Nirav Doshi,** ███████-6804, **Secretary of Nirav Dye and Chemicals, Inc.,** ███████████ **Matthews, NC 28105** ██████@niravgroup.com, **who has information related to the subject wire transfers, compromised emails and all correspondence with Wells Fargo.**

b.  **Himanshu Doshi,** ██████-6802, **President of Nirav Dye and Chemicals, Inc.,** ████████████, **Charlotte, NC, 28277,** ██████████@niravgroup.com, **who has information related to the subject wire transfers and all records related to his health.**

c.  **Anil Kripalani,** ████████1752, **President of Ash Ingredients, Inc.,** █████l@ashingredients.com

d.  **Wells Fargo Employee who opened Defendant John Doe(s)' account**

e.  **Legna Garcia-Rodriguez,** ██████@ashingredients.com

f.  **Phetmany Falconi,** ████@ashingredients.com

g.  **Shaili Doshi,** ███████-0714, **Asst. Secretary of Nirav Ingredients and Chemicals, Inc.,** ███████████, **Matthews, NC 28105** ████████@niravgroup.com **who has information related to the Nirav's customer relationship management and compromised email account.**

h.  **Lisa Simpson,** ████████████@wellsfargo.com, **Wells Fargo employee who initially corresponded with Nirav Ingredients.**

i.  **Larry L. Lockard,** ██████████@wellsfargo.com, **Wells Fargo Vice President Banking Manager who initially corresponded with Nirav Ingredients.**

j.  **Trina Gomez, Wells Fargo employee, Operations Manager,** ███████████ **Phoenix, AZ 85072.**

5

**Exhibit K**

11. Does Nirav provide any technology training to employees? Specifically, does Nirav provide any guidance for phishing or other email scams? If so, explain the training and guidance in detail.

**RESPONSE:**

**Without waiving any objections, Plaintiff contends that it periodically brings awareness to his employees of any phishing emails that are observed and spreads information and instructions not to open such emails and to delete them same as soon as possible. Any questionable emails received by the company are brought straight to Nirav Doshi's attention for further CAPA plan. Mr. Doshi has a masters degree in Computer Engineering and has taken post graduate education in Network Security.**

12. Does Nirav provide notation for "external" or email addresses from outside your company?

**RESPONSE:**

**Plaintiff specifically objects to Interrogatory No. 12 because it does not explain or define what is meant by "notation for 'external' or email address" and therefore Plaintiff is unable to respond with accuracy.**

13. Describe Nirav's procedure in place in May 2019 for sending and receiving electronic funds transfers.

**RESPONSE:**

**Without waiving any objections, Plaintiff contends the following procedures were in place in May 2019:**

**For Sending Wires:**

1. **Plaintiff has setup a repetitive wire transfer facility with Defendant for its key vendors.**

**For Receiving Wires:**

**Exhibit K**

2. The following information was provided to customers as per Defendant's Wire transfer quick reference guide:

RTN / ABA No.: 121000248
Swift / BIC Code: WFBIUS6S
Bank Name: Wells Fargo Bank N.A.
Bank Address: 420 Montgomery, San Francisco, CA 94104.
Bank Acct. No.: ████████8010
Beneficiary: Nirav Ingredients
Beneficiary Address: 6420 Rea Rd, Suite A1-357, Charlotte, NC 28277.

14.     Does Nirav offer training (via internal programming or outside conferences, etc.) to employees regarding electronic funds transfers and/or the FedWire system? If so, please describe the training.

**RESPONSE:**

**Without waiving any objections, Plaintiff directs Defendant to Plaintiff's response to Interrogatory Nos. 11, 13 & 15 and also contends such training is unnecessary in view of the systems described above.**

15.     Describe all technology protections Nirav had in place in May 2019 to protect its employees from hacking, phishing, or other email scams.

**RESPONSE:**

**Without waiving any objections, Plaintiff directs Defendant to Plaintiff's responses to Interrogatories Nos. 11, 13, & 14 and further contends it maintains an email domain with Microsoft Outlook Office which is protected by its own security system.  Plaintiff further contends that any suspicious emails are brought to Nirav Doshi's attention for CAPA.**

16.     Identify every Nirav employee in May 2019 who played a role in the sending or receiving of electronic funds transfers and for each employee identified, state his or her official job title and duties.

**RESPONSE:**

7

**Exhibit K**

Without waiving any objections, Plaintiff refers Defendant to Plaintiff's response to Interrogatory No. 10 and further contends the following people played a role in the sending or receiving of electronic funds transfers: 1) Himanshu Doshi, President, Overall Management of the company; and 2) Nirav Doshi, Director, Logistics and Accounts.

17.     Describe Nirav's basis for alleging that Wells Fargo is aware that its "processes and procedures have allowed for repeated abuse of its system to conduct and facilitate fraudulent wire transfers."

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant to Paragraphs 27, & 41-45 for a description of Plaintiff's allegation as to why Defendant should have known that its processes and procedures were being misused, in addition to the fact that they were ultimately misused causing harm to Plaintiff. Upon information and belief, Plaintiff further contends that this is not the first instance in which Defendant has made a similar type of oversight, error, or mistake involving other customers.

18.     When did Mr. Doshi become aware of the allegedly fraudulent electronic funds transfers?

**RESPONSE:**

Without waiving any objections, Plaintiff contends that they became aware of the fraudulent electronic funds transfers on or around June 3, 2019.

19.     How did you determine that the allegedly fraudulent electronic funds transfers "caused" Mr. Doshi's injuries?

**RESPONSE:**

Without waiving any objections, Plaintiff contends Himanshu Doshi was healthy with absolutely no symptoms of any heart related pain or shortness of breath or any general weakness and that Himanshu Doshi had been exercising regularly with absolutely no prior

8

**Exhibit K**

health issues. Upon information and belief, it is the excessive mental stress and agony of the losses suffered by Plaintiff as a result of the fraudulent transfers that caused Himanshu Doshi to suffer substantial medical issues, as further described in Paragraphs 50-54 of the Complaint.

20. Where did Mr. Doshi receive his stress test?

RESPONSE:

Without waiving any objections, Plaintiff contends that Mr. Doshi's stress test was conducted at Carolina Cardiology Associates, 196 Cardiology Drive, Rock Hill, SC 29732.

21. Identify every prescription Mr. Doshi has taken in the last five years.

RESPONSE:

Without waiving any objections, Plaintiff directs Defendant to Exhibit R, Exhibit S, & Exhibit T attached to these Discovery Responses.

22. Identify every doctor that Mr. Doshi has seen, consulted, or been treated by in the last five years and include each doctor's area of expertise and estimated dates of treatment.

RESPONSE:

Without waiving any objections, Plaintiff contends Mr. Doshi has seen the following doctors:

Dr. Jay Shah – Cardiologist, Carolina Cardiology Associates – Dec. 2019 to Feb. 2020
Dr. Sushil Singhi – Cardiologist, Carolina Cardiology Associates Jan. 2015 – Nov. 2019,
    & Mar. 2020 onwards
Dr. Tejaskumar Shah – Attending Physician for Catheterization
Dr. Peter Zakow – Surgeon for the Bypass Surgery
Dr. Michael McCormick – Carolina Neurosurgery & Spine Associates
Dr. Vinay Deshmukh – Surgeon, Carolina Neurosurgery & Spine Associates
Dr. Avinash Shah – Family Physician, Carolina Medical Associates
Dr. Jay Shukla – Dentist, Matthews Family Dentistry
Attending Doctors during Hospitalization at Atrium Health Pineville, Piedmont Medical Center,
    Rock Hill & Atrium Health, Main

9

23.    Does Mr. Doshi have any underlying, pre-existing, or chronic medical conditions? If so, please identify.

**RESPONSE:**

**Without waiving any objections, Plaintiff contends that Mr. Doshi has suffered from cholesterol and a recent diagnosis of borderline diabetes.**

24.    Not including the stress test identified in the Complaint had Mr. Doshi ever received a prior stress test or EKG? If so, please describe the result of each prior test.

**RESPONSE:**

**Without waiving any objections, Plaintiff contends Mr. Doshi had a stress conducted in 2015, the results of which are attached to these Discovery Responses as <u>Exhibit 0.</u>**

25.    State the name, address, and telephone number of every person you expect to call as an expert witness at trial.  For each person so identified, please state the subject matter on which the expert is expected to testify; the substance of the facts and opinions as to which the expert is expected to testify; and a summary of the grounds for each opinion.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent it attempts to seek information required to be produced by Section 4(c)(i)(6) of the Case Management Order entered by consent of the parties and issued by the Court on October 1, 2020, which Plaintiff fully intends to comply with regarding the disclosure of the witnesses it intends to call at trial at the appropriate time.  Without waiving any objections, Plaintiff contends that it has not identified any expert witnesses that it intends to call at trial at this time.**

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Please produce the following to Mignon A. Lunsford at 421 Fayetteville Street, Suite 1100, Office 1140, Raleigh, North Carolina 27601 or mlunsford@burr.com.

1.    Every Document related to the Electronic Funds Transfers identified in the Complaint.

**RESPONSE:**

**Exhibit K**

Without waiving any objections, Plaintiff directs Defendant to the documents attached to these Discovery Responses, specifically **Exhibit A**, **Exhibit C**, **Exhibit D**, **Exhibit E**, **Exhibit F**, & **Exhibit M.**

2.  Your policies and/or procedures related to electronic funds transfers.

**RESPONSE:**

**Without waiving any objections, Plaintiff directs Defendant to the documents attached to these responses, which Plaintiff has determined constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search and further directs Defendant to see Plaintiff's response to Interrogatory No. 13 above.**

3.  Every Communication or other Document evidencing any contract or other agreement between you and Wells Fargo.

**RESPONSE:**

**Without waiving any objections, Plaintiff directs Defendant to the documents attached to these responses, which Plaintiff has determined constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search.**

4.  Every Communication or other Document exchanged between you and Wells Fargo related to the matters in this case.

**RESPONSE:**

**Plaintiff directs Defendant to see documents attached to these Discovery Responses. Specifically, Exhibit A, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit K, Exhibit L, Exhibit M1, & Exhibit M2.**

5.  Every Communication or other Document exchanged between you and any non-party related to the allegations and matters in this case.

**RESPONSE:**

11

**Exhibit K**

Without waiving any objections, Plaintiff directs Defendant to the documents attached to these responses, which Plaintiff has determined constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search.

Every Document supporting any claim for damages.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant to the documents attached to these responses, which Plaintiff has determined constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search.

6.      Every Document identified or reviewed in preparation of your responses to Defendant's first set of interrogatories propounded to you.

**RESPONSE:**

**Plaintiff objects on the grounds that this Request seeks information that was prepared or obtained by Plaintiff and/or on behalf of Plaintiff's attorneys in anticipation of any litigation within the scope of the work-product privilege. Without waiving said objection, Plaintiff refers Defendant to the documents attached to these responses which constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search.**

7.      Every written, recorded, transcribed, or video-recorded statement by witnesses with discoverable information concerning your claims in the Complaint.

**RESPONSE:**

**Without waiving any objections, Plaintiff, after a reasonable and diligent search, has determined that no recorded witness statements or other tangible materials responsive to this request, are within Plaintiff's care, custody, or control.**

8.      Copies of the two invoices pursuant to which Ash was to make payments to Nirav in May of 2019.

**Exhibit K**

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically, <u>Exhibit P</u>.

9. Account statements demonstrating Ash's payments to Nirav from January 1, 2018 to present.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically, <u>Exhibit N</u>.

10. Copies of your credit reports from the last five years.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant to the documents attached to these responses, which Plaintiff has determined constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search.

11. Copy of any emails you received from "ndoshi@niravvgroup.com" from January 1, 2018 to present.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically, <u>Exhibit C</u>.

12. Copy of any emails from "ndoshi@niravgroup.com" directing Ash to wire the outstanding invoice funds to Nirav from January 1, 2018 to present.

**RESPONSE:**

Case 3:20-cv-00366-FDW Document 27-11 Filed 04/14/21 Page 14 of 24

**Exhibit K**

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically, <u>Exhibit B</u>, <u>Exhibit Q1</u>, and <u>Exhibit Q2</u>.

13. Any non-privileged correspondence with any person regarding the allegedly fraudulent electronic funds transfers.

RESPONSE:

Without waiving any objections, Plaintiff directs Defendant to the documents attached to these responses, which Plaintiff has determined constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search.

14. Copy of any employee training/guidance/information regarding electronic funds transfers that Nirav has made available to its employees from January 1, 2018 to the present.

RESPONSE:

Without waiving any objections, Plaintiff directs Defendant to its responses to Interrogatory Nos. 10, 11, 13, 14, and 15. Without waiving any objections, Plaintiff, after a reasonable and diligent search, has determined that no documents or other tangible materials responsive to this request, are within Plaintiff's care, custody, or control.

15. Copy of any employee training/guidance/information regarding phishing or email scams that Nirav has made available to its employees from January 1, 2018 to the present.

RESPONSE:

Without waiving any objections, Plaintiff directs Defendant to its responses to Interrogatory Nos. 10, 11, 13, 14, and 15. Without waiving any objections, Plaintiff, after a

14

**Exhibit K**

reasonable and diligent search, has determined that no documents or other tangible materials responsive to this request, are within Plaintiff's care, custody, or control.

16.     The curriculum vitae of every expert witness retained to testify at the trial of this case as well as a copy of any and documents provided the expert and any communications with the expert.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent it attempts to seek information required to be produced by Section 4(c)(i)(6) of the Case Management Order entered by consent of the parties and issued by the Court on October 1, 2020, which Plaintiff fully intends to comply with regarding the disclosure of the witnesses it intends to call at trial at the appropriate time. Without waiving any objections, Plaintiff contends that it has not identified any expert witnesses that it intends to call at trial at this time.

17.     Copies of any medical invoices or bills for the last five years showing medical treatment Mr. Doshi received.

RESPONSE:

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically Exhibit R1, Exhibit R2, and Exhibit R3.

18.     Any medical records supporting the damages (and Mr. Doshi's ailments) alleged in the Complaint.

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically Exhibit R1, Exhibit R2, and Exhibit R3.

15

**Exhibit K**

## REQUESTS FOR ADMISSION

1.     Ash initiated the Electronic Funds Transfers identified in the Complaint.

**RESPONSE:**

**Plaintiff is without sufficient information to admit or deny, therefore denied.**

2.     Ash sent the Electronic Funds Transfers to the account number identified in the email(s) from ndoshi@niravvgroup.com.

**RESPONSE:**

**Plaintiff is without sufficient information to admit or deny, therefore denied.**

3.     The emails from ndoshi@niravvroup.com were phishing emails.

**RESPONSE:**

**Plaintiff objects on the grounds that it is unable to admit or deny Request for Admission No. 3 as it does not define "fishing emails", and therefore this Request is denied.**

4.     When Ash sent the Electronic Funds Transfers, the account number and account beneficiary did not match. Specifically, the account was not owned by Nirav Ingredients.

**RESPONSE:**

**Plaintiff is unable to admit or deny Request for Admission No. 4 because Defendant delayed identifying what beneficiary name and account number is on Defendant John Doe(s)' Wells Fargo Account, and therefore Request for Admission No. 4 is denied.**

5.     The funds Ash sent were deposited in the account number identified in the wire instructions.

**RESPONSE:**

**Plaintiff is unable to admit or deny Request for Admission No. 5 because Defendant delayed identifying what beneficiary name and account number is on Defendant John**

16

**Exhibit K**

Doe(s)' Wells Fargo Account, or where the funds were actually deposited, and therefore Request for Admission No. 5 is denied.

6.    The Electronic Funds Transfers were automated.

**RESPONSE:**

**Admitted, upon information and belief.**

7.    Nirav did not interact or talk with any Wells Fargo employee when Ash prepared or sent the electronic funds transfers.

**RESPONSE:**

**Admitted.**

RESPECTFULLY SUBMITTED,

This the 1st Day of December, 2020.

                                       **s/ Corey V. Parton**

                                       Corey V. Parton, N.C. Bar 45682
                                       Attorney for Plaintiffs
                                       Parton & Associates, PLLC
                                       122 North McDowell Street
                                       Charlotte, North Carolina 28204
                                       Telephone: (704) 376-4488
                                       Fax (704) 731-0904
                                       E-mail: Parton@PartonNC.com

Case 3:20-cv-00366-FDW    Document 27-11    Filed 04/14/21    Page 18 of 24

**Exhibit K**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-cv-366

NIRAV INGREDIENTS, INC. and ASH ) 
INGREDIENTS, INC., )
)
    Plaintiffs, )
)
v. )
)
WELLS FARGO BANK, N.A. and JOHN )
DOE(S), )
)
    Defendants. )

**PLAINTIFF NIRAV INGREDIENTS, INC.'s SUPPLEMENTAL RESPONSES TO WELLS FARGO BANK, N.A.'S FIRST DISCOVERY REQUESTS**

Now Comes Plaintiff Nirav Ingredients, Inc. ("Nirav") to answer Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") First Discovery Requests ("Discovery Requests") to Nirav Ingredients, Inc. ("Nirav" or "Plaintiff") as follows:

## INTERROGATORIES

19. How did you determine that the allegedly fraudulent electronic funds transfers "caused" Mr. Doshi's injuries?

**RESPONSE:**

Without waiving any objections, Plaintiff contends Himanshu Doshi was healthy with absolutely no symptoms of any heart related pain or shortness of breath or any general weakness and that Himanshu Doshi had been exercising regularly with absolutely no prior health issues. Upon information and belief, it is the excessive mental stress and agony of the losses suffered by Plaintiff as a result of the fraudulent transfers that caused Himanshu Doshi to suffer substantial medical issues, as further described in Paragraphs 50-54 of the Complaint.

**SUPPLEMENTAL RESPONSE:**

**Exhibit K**

As stated in Nirav's Response to Wells Fargo's Interrogatory No. 23: Himanshu Doshi did suffer from non-heart related prior health issues including high cholesterol and a recent diagnosis of borderline diabetes. Upon information and belief, these prior health conditions are not related to nor a contributing cause of the decline in Mr. Doshi's health as described in Paragraphs 50-54 of Plaintiffs' Complaint. Additional information related to the condition of Mr. Doshi's health before and after the incidents giving rise to Plaintiffs' Complaint can be found in Mr. Doshi's medical records, which are being produced as Exhibit 3 in Nirav's Supplemental Response to Defendant's Request for Production No. 17.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

3. Every Communication or other Document evidencing any contract or other agreement between you and Wells Fargo.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant to the documents attached to these responses, which Plaintiff has determined constitute the responsive documents that are in Plaintiff's care, custody and control following a reasonable and diligent search.

**SUPPLEMENTAL RESPONSE:**

Nirav Ingredients, Inc. Has conducted a reasonable and diligent search and is unable to locate any documents evidencing any contract with Wells Fargo. Nirav does, however, assert that they have a contract with Wells Fargo that is consistent with Wells Fargo's standard contractual relationship with other business Clients. Nirav entered a banking relationship and contract with Wells Fargo approximately 25 years

2

**Exhibit K**

ago. At that time, Nirav's relationship was with First Union, which, upon information and belief, later became or was acquired by Wachovia and then Wells Fargo. Due to the amount of time that has passed since Nirav first entered into a contractual relationship with Wells Fargo, they are unable to locate any documents in their care, custody, or control that are responsive to this Request following a diligent and reasonable search.

10. Copies of your credit reports from the last five years.

RESPONSE: Without waving any objections, and to the extend such responsive documents exist within reasonable custody, care and control of Nirav, Nirav directs Defendant Wells Fargo to see documents attached to these Discovery Responses. Specifically, Exhibit ##

SUPPLEMENTAL RESPONSE:

Without waving any objections, and to the extend such responsive documents exist within reasonable custody, care and control of Nirav, Nirav directs Defendant Wells Fargo to see documents attached to these Discovery Responses. Specifically, Exhibit 1. Nirav has extended reasonable and diligent efforts and after doing so was only able to obtain copies of its credit reports for the past two years.

11. Copy of any emails you received from "ndoshi@niravvgroup.com" from January 1, 2018 to present.

RESPONSE:

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically, Exhibit C.

3

**Exhibit K**

**SUPPLEMENTAL RESPONSE:**

Nirav is producing all documents which were attached to the emails (previously produced as Exhibit C to Nirav's Responses to Defendant's Discovery Requests) as **Exhibit 2**.

12. Copy of any emails from "ndoshi@niravgroup.com" directing Ash to wire the outstanding invoice funds to Nirav from January 1, 2018 to present.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically, **Exhibit B**, **Exhibit Q1**, and **Exhibit Q2**.

**SUPPLEMENTAL RESPONSE:**

Nirav is producing all documents which were attached to the emails (previously produced as Exhibit Q2 to Nirav's Responses to Defendant's Discovery Requests) as **Exhibit 2**.

17. Copies of any medical invoices or bills for the last five years showing medical treatment Mr. Doshi received.

**RESPONSE:**

Without waiving any objections, Plaintiff directs Defendant Wells Fargo to the documents attached to these Discovery Responses. Specifically **Exhibit R1**, **Exhibit R2**, and **Exhibit R3**.

**SUPPLEMENTAL RESPONSE:**

Attached as **Exhibit 3**, Nirav is producing:

4

**Exhibit K**

i. Medicare Claims and Bills summary responsive to Defendant's Request;

ii. Copies of policies for healthcare plans that Mr. Doshi was enrolled in during the time period responsive to Defendant's Request;

iii. An email from Mr. Doshi requesting a copy of all claims submitted to United Healthcare by Mr. Doshi during the time period responsive to Defendant's Request, and the response Mr. Doshi received indicating an error in the delivery of the email; and,

iv. Multiple online portal messages sent by Mr. Doshi to United Healthcare requesting a copy of all claims submitted to United Healthcare by Mr. Doshi during the time period responsive to Defendant's Request. Nirav is yet to receive any claims in response from United Healthcare to Mr. Doshi's request for a copy of all claims. Nirav will provide any documents or communication subsequently received by Mr. Doshi in a supplemental discovery production.

v. A screen shot of Mr. Doshi's attempt to download of all claims submitted to United Healthcare by Mr. Doshi during the time period responsive to Defendant's Request (performed pursuant to United Healthcare's instructions), which resulted in a message that no claims were available or in existence. Nirav will provide any documents or communication subsequently received by Mr. Doshi in a supplemental discovery production.

These documents constitute all the documents in Nirav and Mr. Doshi's possession, care, or control that are responsive to Defendant's Request.

RESPECTFULLY SUBMITTED,

This the 28th Day of January, 2021.

5

**Exhibit K**

**s/ Corey V. Parton**

Corey V. Parton, N.C. Bar 45682
Attorney for Plaintiffs
Parton Law, PLLC
122 North McDowell Street
Charlotte, North Carolina 28204
Telephone: (704) 376-4488
Fax (704) 731-0904
E-mail: Parton@PartonNC.com

6

**Exhibit K**