| | | |
|---|---|---|
| NIRAV INGREDIENTS, INC. and ASH INGREDIENTS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | **PLAINTIFF NIRAV INGREDIENTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT'S PRODUCTION OF SPECIFIC DISCOVERY** |
| v. | ) ) ) | |
| WELLS FARGO BANK, N.A. and JOHN DOE(S), | ) ) ) | |
| Defendants. | ) | |

**Now Comes** Plaintiff Nirav Ingredients, Inc. ("Plaintiff"), by and through its Undersigned Counsel and pursuant to Court Order [Doc. 28], submitting this Memorandum in Support of Plaintiff's Motion to Compel Defendant Wells Fargo Bank, N.A. ("Defendant") to produce certain information related to suspicious activity reports ("SARs") relevant in the above captioned matter:

## <u>BOTTOM LINE UP FRONT</u>

The Court should require Defendant to produce information and documentation supporting any suspicious activity reports because they are not protected by the SAR privilege, and SAR(s) themselves for an in camera inspection pursuant to the Court's Article III Powers to decide cases and controversies.

## <u>CONTROLLING LAW</u>

National banks are required to file a SAR to report certain suspicious activity to a person or agency designated by the Secretary of the Treasury. 31 U.S.C. § 5318(g)(1); 12 C.F.R. § 21.11. Banks are generally prohibited from disclosing a SAR or any information that would reveal the existence of a SAR, but this prohibition does not include disclosure of "[t]he underlying facts,

transactions, and documents upon which a SAR is based (…)". 12 C.F.R. § 21.11(k)(1)(i), (ii)(A)(2).

In determining whether information is privileged, Courts have distinguished between documents based upon the underlying reasons for their initial creation. First Am. Title Ins. Co. v. Westbury Bank, No. 12-CV-1210, 2014 U.S. Dist. LEXIS 121063, at *4 (E.D. Wis. Aug. 29, 2014). For example, if a document was created in the ordinary course of business, it is treated like any other business record. Cotton v. Privatebank & Trust Co., 235 F. Supp. 2d 809, 815 (N.D. Ill. 2002) (holding underlying documents, such as wire transfers, checks, deposits, etc. do not become confidential by reason of being attached or described in a SAR). "In most cases (…) the disclosure of supporting documentation would not reveal the filing of an SAR, and such documentation cannot be shielded from otherwise appropriate discovery simply because it has some connection to an SAR." Weil v. Long Island Sav. Bank, 195 F. Supp. 2d 383, 389 (E.D.N.Y. 2001). The relevant regulation bars only disclosure of information that "would" reveal the existence of an SAR but does *not* prohibit disclosure of information that only "could" or "might" reveal the existence. First Am. Title, 2014 U.S. Dist. LEXIS at *5. "[A]ny supporting documentation which would not reveal either the fact that an SAR was filed, or its contents cannot be shielded from otherwise appropriate discovery based solely on its connection to an SAR." United States v. Holihan, 248 F. Supp. 2d 179, 187 (W.D.N.Y. 2003).

## ANALYSIS

### *Production of Information Underlying the SAR(s)*

Here, Plaintiff seeks Defendant's internal investigation and correspondence relating to reported transactions and information identifying the individuals who were party to those transactions (*See* Pl.'s Interogg. Nos. 1, 2, 4 5, 7 & Req. for Prod. Nos. 3, 4, July 24, 2020, attached

2

**Exhibit A**; Pl.'s Req. for Prod. Nos. 1, 4, 11, 12, 13, 16, March 17, 2021, attached **Exhibit B;** Def.'s Depo. at 60:12-66:15, March 30, 2021, attached **Exhibit C**). Internal investigation documents are outside of the SAR privilege and are discoverable, even when the entire investigation was performed in anticipation of filing a SAR. Wultz v. Bank of China Ltd., 56 F. Supp. 3d 598, 602 (S.D.N.Y. 2014) (citing Freedman & Gersten, LLP v. Bank of Am., N.A., 2010 U.S. Dist. LEXIS 130167, 10 (D.N.J. Dec. 8, 2010) (ordering the production of "any memoranda or documents drafted in response to the suspicious activity at issue in this case" notwithstanding the fact that the bank's "entire investigation was undertaken in anticipation of the potential filing of an SAR"). Courts have ordered the production of documents or notes obtained by the bank from any source, relating to "any investigation or inquiry by the bank or its agents into any account of" the individual at issue, including where the individual was identified as having "suspicious and/or unusual, irregular or improper account activity." Wultz, 56 F. Supp. at 602 (citing In Re Whitley, 2011 Bankr. LEXIS 4793, 2011 WL 6202895 (Bankr. M.D.N.C. Dec. 13, 2011).

### *Production of SAR(s)*

Plaintiff also seeks production of the SAR(s) themselves for an *in camera* inspection by the Court (Pl.'s Req. for Prod. Nos. 1, 6, 9, March 17, 2021). Courts have held that despite what a banking regulation may say, administrative agencies do not have the power to promulgate regulations in direct contravention of the Federal Rules of Civil Procedure, and permitting them to do so would, in essence, divest a court of jurisdiction over the discovery. In re Bankers Trust Co., 61 F.3d 465, 470 (6th Cir. 1995); *See also* Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 108, 111 (D. Colo. 1992). The Court therefore should require Defendant to produce the SARs themselves for an *in camera* inspection, or subject to appropriate conditions and limitations as

3

administrative agencies are permitted to do when disclosing SARs. *See gen.* 12 C.F.R. §§ 4.32(b)(1)(vii), 261.2(c)(1)(ii) (2002).

<u>**CONCLUSION**</u>

Since Plaintiff seeks information which relate to and support SAR filings that are outside the scope of the SAR privilege and requests an *in camera* review of the SAR(s) themselves pursuant to the Court's Article III Power to decide cases and controversies, the requested information is discoverable, and Defendant should therefore be compelled to produce complete discovery responses.

RESPECTFULLY SUBMITTED,

This the 30th Day of April, 2021.

**s/ Corey V. Parton**

Corey V. Parton, N.C. Bar 45682
Attorney for Plaintiffs
Parton Law, PLLC
122 North McDowell Street
Charlotte, North Carolina 28204
Telephone: (704) 376-4488
Fax (704) 731-0904
E-mail: Parton@PartonNC.com

4

**CERTIFICATE OF SERVICE**

The Undersigned Counsel certifies the foregoing **PLAINTIFF NIRAV INGREDIENTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT'S PRODUCTION OF SPECIFIC DISCOVERY** has been filed with the United States Court for the Western District of North Carolina, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consent to accept service by electronic means.

**s/ Corey V. Parton**


Corey V. Parton, N.C. Bar No. 45682
Attorney for Plaintiffs
PARTON LAW, PLLC
122 North McDowell Street
Charlotte, North Carolina 28204
Telephone: (704) 376-4488
Fax: (704) 731-0904
E-mail: Parton@PartonNC.com

5