# EXHIBIT A



# ENCLOSURE MEMO

TO:      Mignon A. Lunsford
Burr & Forman LLP
421 Fayetteville Street, Suite 1100, Office 1140
Raleigh, North Carolina 27601
mlunsford@burr.com

FROM:    Parton & Associates, PLLC

DATE:    July 24, 2020

RE:      Nirav Ingredients Inc. & Ash Ingredients Inc v Wells Fargo Bank, NA.
John Doe(s); Case No. 3:20-cv-366

## Via Electronic Mail & USPS Mail

## Enclosed please find the following:

- Plaintiffs' First Discovery Requests to Defendant Wells Fargo Bank, N.A.

*SSP*
*Enclosure(s)*
*cc: Clients via Electronic Mail*
*cc: David Redding, Co-Counsel via Electronic Mail*
   *Ty Mctier, Co-Counsel via Electronic Mail*

122 N. McDowell Street ◆ Charlotte, North Carolina ◆ P: 704.376.4488 ◆ F: 704.731.0904
www.PartonNC.com

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:20-cv-366

|  |  |
|---|---|
| NIRAV INGREDIENTS, INC. and ASH INGREDIENTS, INC., ) ) ) Plaintiffs, ) ) v. ) ) WELLS FARGO BANK, N.A. & JOHN ) DOE(s). ) ) Defendants. ) ) ) ) _____ ) | **PLAINTIFFS' FIRST DISCOVERY REQUESTS TO DEFENDANT WELLS FARGO BANK, N.A.** |

NOW COME the plaintiffs by and through the undersigned counsel of record,

PLEASE TAKE NOTICE that, pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiffs Nirav Ingredients, Inc & Ash Ingredients, Inc. ("Ms. Howard" or "Plaintiffs"), by and through its Undersigned Counsel of record, request that Defendants Wells Fargo Bank, N.A. ("Defendant"), serve answers, under oath and within thirty days, to the following Claimant's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Request for Admissions (collectively, the "Discovery Requests"). The Discovery Requests shall be deemed to be continuing in nature and should the answers to any of the Discovery Requests change prior to the time of trial, you shall give notice of all changes.

## DEFINITIONS & INSTRUCTIONS

1. "Plaintiffs" shall mean Nirav Ingredients, Inc. and Ash Ingredients, Inc., individually and/or collectively, and his agents, attorneys, and any other person(s) acting on his behalf.

2. "Defendants", "You", "Your" or "Party" shall mean Wells Fargo Bank, N.A.., its agents, insurers, employees, attorneys, and any person(s) acting on behalf of the party upon whom these Interrogatories are served.

3. Unless otherwise indicated, these Discovery Requests refer to the time, place and circumstances of the incident or occurrences referred to in the pleadings of this action.

4. "Document" means everything within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to writings, drawings, graphs, charts, photographs, photo records, and other data compilations from which information can be obtained or translated if necessary, by You through detection devices into reasonably usable form, and also means the original and all drafts, outlines, proposals, and copies of any such matter (whether or not actually used) of all kinds and descriptions, however produced or reproduced, whether sent or received or neither, regardless of whether designated "confidential," "privileged," or otherwise to which You have access or knowledge, whether handwritten, typed printed, computerized or otherwise produced or stored, including without limitation, all of the following: correspondence, papers, books, files, accounts, any marginal comments appearing on any Documents, comments, drawings, sketches, photographs, agreements, contracts, memoranda, summaries, investigations, diaries, advertising materials, letters, notebooks, electronic mail, facsimiles, telexes, telegrams, objects, reports, records, transcripts, studies, notes, notations, working papers, intra-office communications, personal memoranda, instructions, charts, minutes index sheets, computer disks, computer software, computer printouts, other data stored on an computer, checks, check stubs, delivery tickets, bills of lading, invoices, recordings of telephone or other conversations, communications, occurrences, interviews and conferences, sound or video recording, and any other material upon which information can be stored, retrieved, including all written, recorded, encoded, transcribed, punched, taped, filmed, graphic matter, and any electronically stored information related to the specific question.

7. If any Document requested has been lost, discarded or destroyed, identify each such Document by author, recipient, date, subject matter, date of disposal, manner of disposal, reason for disposal, Person authorizing disposal and Person disposing of the Document.

6. Where identification of a Document is required by this discovery, such identification should be sufficient for use as a description in a motion to produce and show clearly the following information:

   a. The date and general nature of the document, i.e., whether it is a letter, memorandum, report, etc.;

   b. The general subject matter of the document; and

   c. The exact address where the document is located.

7. Wherever the identification of documents is called for in these Discovery Request, the party to whom these Discovery Requests are directed may, in lieu of such identification, attach a complete and legible copy of said document to the answers to these questions.

8. When referring to an oral statement or communication, including telephone communication, it means describe the statement or communication by stating when and where it was made, identifying all makers and recipients of the statement or communication and all other Persons present when it was made, stating the means of communication and stating the substance and contents of the statement or communication. State the telephone numbers of all parties to any communication by telephone.

8. "Person" shall mean natural person, entity, partnership, joint venture, corporation, private and governmental organization, association, subdivision and department, and trust, and the representatives of each of the foregoing.

9. Where identification of a Person is called for in these Discovery Requests, such identification should include, but not be limited to, the following:

   a. The full name of the Person;

   b. If the Person is a firm or organization, a statement as to whether it is a partnership, corporation or other organization of legal entity, and the place of organization and domicile; and

   c. The last known address of the Person, giving both business and residence address, post office address and street address, if different, telephone number and email address.

10. If any Discovery Requests cannot be answered in full, answer to the extent possible, stating the reasons it cannot be answered in full and provide Plaintiffs with whatever information is available concerning the unanswered portion. If any Discovery Requests call for information not in the Defendant's possession or control or ascertainable by the Defendant upon reasonable inquiry, then, where known, identify the custodian or person in possession of such information; and any such efforts made to obtain the requested information.

11. If in response to these Discovery Requests You seek to rely upon any privilege or attorney work product exclusion in refusing to produce any requested Document, the request shall be deemed to call upon You to Identify the Document (giving its title, date, author(s), recipient(s), and summary of its contents) and state the specific grounds upon which You seek to rely in not producing the Document.

12. The words "and" and "or" shall be both conjunctive and disjunctive.

13. "Complaint" means the Plaintiffs' Complaint filed by Plaintiffs on, the case styled *Nirav Ingredients, Inc. and Ash Ingredients, Inc. Plaintiffs, v. Wells Fargo Bank, N.A. & John Doe(s)., Defendants,* (Case No. 20-CVS-, Mecklenburg Co., North Carolina); which was

removed by You to Federal District Court in the Western District of North Carolina with case no. 3:20-cv-366.

**\*IMPORTANT NOTICE:** Destruction of any evidence pertaining to this matter, including, but not limited to, the documents and things described below, may constitute a criminal violation, and/or subject you to civil penalties, including, but not limited to, sanctions in the instant litigation.**

## INTERROGATORIES

1. Identify, explain, and describe all steps that were taken in allowing Wells Fargo Bank Account ending #XXXXXX6081 to be opened, maintained, closed, or otherwise accessed, which Wells Fargo Account ending #XXXXXX6081 is the account that the subject wire transfers were deposited by dates of opening, closing, or otherwise accessing Wells Fargo Account ending #XXXXXX6081 and by identifying all transactions made while the Wells Fargo Account ending #XXXXXX6081 was open, and by identifying any Wells Fargo employees who assisted or participated in the opening of Wells Fargo Account #.

   **RESPONSE:**

2. Identify everything you know about the identity of the person, party, or entity who opened and used Wells Fargo Account ending #XXXXXX6081, including name, location, any other information You have about the person, party, or entity who opened Wells Fargo Account ending #XXXXXX6081.

   **RESPONSE:**

3. Identify any and all policies, procedures, training courses, or any other educational and/or corporate mandates that You have in place to make sure Your employees verify the identity of parties who attempt to open accounts like the account that is discussed in Interrogatory No. 1 above.

   **RESPONSE:**

4. Itemize and explain each and every fee, payment or benefit You have earned or received from Nirav Ingredients since Nirav Ingredients first opened its account with You until January 1, 2020, including but not limited to any fees, services charges, interest earned, commissions, or any compensation of any kind.

   **RESPONSE:**

5. Identify and describe every measure, step, investigation, or other assistance You provided to Nirav Ingredients from May 21, 2019, through the date of the Complaint.

   **RESPONSE:**

6. Identify each person who has worked or assisted You with anything related to the subject wire transfer on May 21, 2019, the subject wire transfer on May 24, 2019, or any other subsequent communications by Nirav Ingredients with You about said transfers or the recover of the funds by name, position, phone number, email address, provide the substance of the assistance or knowledge that person has, and when such knowledge was learned or communication was made.

   **RESPONSE:**

7. Identify any and all information You have about the identify of Hacker, as referened in the Complaint.

   **RESPONSE:**

## REQUEST FOR PRODUCTION

1) Please produce copies of any and all policies regarding electronic wire transfers You had in place as an organization on May 21, 2019.

**RESPONSE:**

2) Please produce copies of any and all policies regarding electronic wire transfers You had in place as an organization on May 24, 2019.

**RESPONSE:**

3) Copies of all documents Hacker was required to submit to You to open the Fake Account.

**RESPONSE:**

4) Copies of all internal correspondence which relate to the transactions at issue in this matter.

**RESPONSE:**

## REQUESTS FOR ADMISSION

1) Admit Nirav Ingredients has maintained a relationship with You since at least 2010.

**RESPONSE:**

2)      Admit You know that business email compromise is a scam that harms unsuspecting customers of Yours.

**RESPONSE:**


3)      Admit that You know what business email compromise is.

**RESPONSE:**


4)      Admit Nirav Ingredients did not open the Fake Account.

**RESPONSE:**


5)      Admit that the account number provided by Ash's bank to You did not match the account number of the named beneficiary and beneficiary's address as listed by the instructions provided by Ash's bank.

**RESPONSE:**


6)      Admit Nirav Ingredients was paid via wire transfer by Ash Ingredients to Nirav Ingredients' account with You at least 10 times during the years of 2018 and 2019.

**RESPONSE:**


7)      Admit that at any time since Nirav Ingredients has maintained a business account with You that you have received some type of financial compensation.

**RESPONSE:**


**[SIGNATURE ON NEXT PAGE]**

Respectfully submitted,

This the 24th day of July, 2020.

Joseph H. Powell
Corey V. Parton
Parton & Associates, PLLC
NC Bar No. 49471
NC Bar No. 45682
122 N. McDowell St.
Charlotte, NC 28202
Tel (704) 376-4488
Fax (704) 731-0904
Powell@PartonNC.com
Parton@PartonNC.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO RESPONDENT** was served by:

[ X ] Depositing a copy in a post office of official depository under the exclusive care and custody of the United States Postal Service, postpaid, in a properly addressed envelope as follows:

> Mignon A. Lunsford
> Burr & Forman, LLP
> 421 Fayetteville Street, Suite 1100,
> Office 1140
> Raleigh, North Carolina 27601

[ X ] Electronic Mail at the following address:

> mlunsford@burr.com

This the 24th Day of July 2020.

Joseph H. Powell
Corey V. Parton
Parton & Associates, PLLC
NC Bar No. 49471
NC Bar No. 45682
122 N. McDowell St.
Charlotte, NC 28202
Tel (704) 376-4488
Fax (704) 731-0904
Powell@PartonNC.com
Parton@PartonNC.com
*Attorneys for Plaintiffs*

# EXHIBIT B



# ENCLOSURE MEMO

TO:     Mignon A. Lunsford
Burr & Forman LLP
421 Fayetteville Street, Suite 1100, Office 1140
Raleigh, North Carolina 27601
mlunsford@burr.com

Vic Hayslip
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
vhayslip@burr.com

FROM:    Parton Law, PLLC

DATE:    March 17, 2021

RE:    Nirav Ingredients Inc. & Ash Ingredients Inc v Wells Fargo Bank, NA. & John Doe(s); Case No. 3:20-cv-366

## Via Electronic Mail & USPS Mail

**Enclosed please find the following:**

- Plaintiff Nirav Ingredients Inc.'s Request for Production of Documents at Deposition to Defendant Wells Fargo Bank, N.A. Pursuant to Federal Civil Procedure Rule 30(B)(6) & Rule 34.

*SSP*
*Enclosure(s)*
*cc: Clients via Electronic Mail*
*cc: David Redding, Co-Counsel via Electronic Mail*
*   Ty Mctier, Co-Counsel via Electronic Mail*

| | |
|---|---|
| NIRAV INGREDIENTS, INC. and ASH INGREDIENTS, INC., )<br><br>  Plaintiffs, )<br><br>  v. )<br><br>WELLS FARGO BANK, N.A. & JOHN DOE(s). )<br><br>  Defendants. ) | **PLAINTIFF NIRAV INGREDIENTS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION TO DEFENDANT WELLS FARGO BANK, N.A. PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 30(B)(6) & RULE 34** |

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Plaintiff Nirav Ingredients, Inc (hereinafter "Nirav" or "Plaintiff"), by and through its Undersigned Counsel of record, request that Defendant Wells Fargo Bank, N.A. ("Defendant") produce and permit Plaintiff to inspect and copy the following genuine and authentic Documents at the time and place of Wells Fargo, N.A.'s deposition, noticed and to be taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, or in lieu thereof, serve exact copies of the same on the Undersigned Counsel for Plaintiff before said deposition. These Requests for Production of Documents (hereinafter "the Requests") shall be deemed to be continuing in nature and should the answers to any of the Requests change prior to the time of trial, you shall give notice of all changes.

## DEFINITIONS & INSTRUCTIONS

1.   "Plaintiffs" shall mean Nirav Ingredients, Inc. and Ash Ingredients, Inc., individually and/or collectively, and their agents, attorneys, and any other person(s) acting on their behalf.

2.   "Defendants", "You", "Your" or "Party" shall mean Wells Fargo Bank, N.A., its agents, insurers, employees, attorneys, and any person(s) acting on behalf of the party upon whom these Interrogatories are served.

3.   Unless otherwise indicated, these Requests refer to the time, place and circumstances of the incident or occurrences referred to in the pleadings of this action.

4.   "Document" means everything within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to writings, drawings, graphs, charts, photographs, photo records, and other data compilations from which information can be obtained or translated if necessary, by You through detection devices into reasonably usable form, and also means the original and all drafts, outlines, proposals, and copies of any such matter (whether or not actually used) of all kinds and descriptions, however produced or reproduced, whether sent or received or neither, regardless of whether designated "confidential," "privileged," or otherwise to which You have access or knowledge, whether handwritten, typed printed, computerized or otherwise produced or stored, including without limitation, all of the following: correspondence, papers, books, files, accounts, any marginal comments appearing on any Documents, comments, drawings, sketches, photographs, agreements, contracts, memoranda, summaries, investigations, diaries, advertising materials, letters, notebooks, electronic mail, facsimiles, telexes, telegrams, objects, reports, records, transcripts, studies, notes, notations, working papers, intra-office communications, personal memoranda, instructions, charts, minutes index sheets, computer disks, computer software, computer printouts, other data stored on an computer, checks, check stubs, delivery tickets, bills of lading, invoices, recordings of telephone or other conversations, communications, occurrences, interviews and conferences, sound or video recording, and any other material upon which information can be stored, retrieved, including all written, recorded, encoded, transcribed, punched, taped, filmed, graphic matter, and any electronically stored information related to the specific question.

5.   If any Document requested has been lost, discarded or destroyed, identify each such Document by author, recipient, date, subject matter, date of disposal, manner of disposal, reason for disposal, Person authorizing disposal and Person disposing of the Document.

6.   Where identification of a Document is required by this discovery, such identification should be sufficient for use as a description in a motion to produce and show clearly the following information:

   a.   The date and general nature of the document, i.e., whether it is a letter, memorandum, report, etc.;

   b.   The general subject matter of the document; and

c. The exact address where the document is located.

7. Wherever the identification of documents is called for in these Requests, the party to whom these Requests are directed may, in lieu of such identification, attach a complete and legible copy of said document to the answers to these questions.

8. When referring to an oral statement or communication, including telephone communication, it means describe the statement or communication by stating when and where it was made, identifying all makers and recipients of the statement or communication and all other Persons present when it was made, stating the means of communication and stating the substance and contents of the statement or communication. State the telephone numbers of all parties to any communication by telephone.

9. "Person" shall mean natural person, entity, partnership, joint venture, corporation, private and governmental organization, association, subdivision and department, and trust, and the representatives of each of the foregoing.

10. Where identification of a Person is called for in these Requests, such identification should include, but not be limited to, the following:

a. The full name of the Person;

b. If the Person is a firm or organization, a statement as to whether it is a partnership, corporation or other organization of legal entity, and the place of organization and domicile; and

c. The last known address of the Person, giving both business and residence address, post office address and street address, if different, telephone number and email address.

11. If any Requests cannot be answered in full, answer to the extent possible, stating the reasons it cannot be answered in full and provide Plaintiffs with whatever information is available concerning the unanswered portion. If any Requests call for information not in the Defendant's possession or control or ascertainable by the Defendant upon reasonable inquiry, then, where known, identify the custodian or person in possession of such information; and any such efforts made to obtain the requested information.

12. If in response to these Requests You seek to rely upon any privilege or attorney work product exclusion in refusing to produce any requested Document, the request shall be deemed to call upon You to Identify the Document (giving its title, date, author(s), recipient(s), and summary of its contents) and state the specific grounds upon which You seek to rely in not producing the Document.

13. The words "and" and "or" shall be both conjunctive and disjunctive.

14. "Complaint" means the Plaintiffs' Complaint filed by Plaintiffs styled *Nirav Ingredients, Inc. and Ash Ingredients, Inc. Plaintiffs, v. Wells Fargo Bank, N.A. & John Doe(s)., Defendants,* (Case No. 20-CVS-, Mecklenburg Co., North Carolina); which was removed by You to Federal District Court in the Western District of North Carolina with case no. 3:20-cv-366.

**\*IMPORTANT NOTICE: Destruction of any evidence pertaining to this matter, including, but not limited to, the documents and things described below, may constitute a criminal violation, and/or subject you to civil penalties, including, but not limited to, sanctions in the instant litigation.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1) Please produce copies of any and all Suspicious Activity Reports that You prepared or submitted for Karen Paige's Account Numbers ending in 6081, 1523 or 9152.

**RESPONSE:**

2) Please produce copies of any and all bank statements for Karen Paige's Account Number ending in 9152 from January 2014 through July 2018.

**RESPONSE:**

3) Please produce copies of any and all bank statements for Karen Paige's Account Numbers ending in 1523 and 6081 from January 2014 through present.

**RESPONSE:**

4) Please produce copies of any and all documents that were used to verify customer identity when opening Karen Paige's Account Numbers ending in 6081, 1523 or 9152.

**RESPONSE:**

5) Please produce copies of any and all bank statements for any Wells Fargo account, that has not been identified in these Requests held by Karen Paige.

**RESPONSE:**

6) On or about February 26, 2019 there is a wire transfer to Karen Paige's Account Number ending in 6081 from *"Citizens Alliance Org=Missouri River Products Inc."* in the amount of $14,323.00 as shown on the February 12, 2019 – March 11, 2019 Statement for Account 9152 (described on the Statement as *WT FED#00823*). Please produce copies of any and all Suspicious Activity Reports You prepared or submitted from February 1, 2019 to present which are connected to the aforementioned *"Citizens Alliance Org=Missouri River Products Inc."* account where the $14,323.00 was wired to.

**RESPONSE:**


7) On or about February 26, 2019 there is a wire transfer to Karen Paige's Account Number ending in 6081 from *"Citizens Alliance Org=Missouri River Products Inc."* in the amount of $14,323.00 as shown on the February 12, 2019 – March 11, 2019 Statement for Account 9152 (described on the Statement as *WT FED#00823*). Please produce copies of any and all bank statements from February 1, 2019 to present from the aforementioned *"Citizens Alliance Org=Missouri River Products Inc."* account where the $14,323.00 was wired to.

**RESPONSE:**


8) On or about May 24, 2019 there is a wire transfer from Karen Paige's Account Number ending in 6081 to *"China Merchants Ban/Bnf=East Pacific Enterprise"* in the amount of $39,765.00 as shown on the June 11, 2019 Combined Statement of Accounts for Karen Paige (described on the Combined Statement as *WT #190524-150249*). Please produce copies of any and all bank statements from May 1, 2020 to present from the aforementioned *"China Merchants Ban/Bnf=East Pacific Enterprise"* account where the $39,765.00 was wired to.

**RESPONSE:**


9) On or about May 24, 2019 there is a wire transfer from Karen Paige's Account Number ending in 9152 to *"China Merchants Ban/Bnf=East Pacific Enterprise"* in the amount of $39,765.00 as shown on the June 11, 2019 Combined Statement of Accounts for Karen Paige (described on the Combined Statement as *WT #190524-150249*). Please produce copies of any and all Suspicious Activity Reports that were prepared or submitted in connection with the aforementioned *"China Merchants Ban/Bnf=East Pacific Enterprise"* account where the $39,765.00 was wired to.

**RESPONSE:**


10) On or about May 23, 2019 there is a transaction from Karen Paige's Account Number ending in 6081 described as "Purchase Bank Check OR Draft" in the amount of $38,650.00 as shown on the June 11, 2019 Combined Statement of Accounts for Karen Paige. Please produce copies of any cancelled check or other negotiable instrument image connected with the aforementioned $38,650.00 transaction.

**RESPONSE:**

11) Please produce copies of any policies or procedures Wells Fargo follows to ensure compliance with Federal "Know Your Customer" requirements.

    **RESPONSE:**

12) Please produce copies of any filings made pursuant to U.S.C. §1010.311 in connection with Karen Paige Account Numbers ending in 6081, 1523 or 9152 from January 1, 2018 through present.

    **RESPONSE:**

13) Please produce copies of any documents that were used to verify the name and address of the individual presenting any transaction from Karen Paige Account Numbers ending in 6081, 1523 or 9152 that required reporting pursuant to U.S.C. §1010.311, §1010.313, §1020.315, §1021.311, or §1021.313 from January 2018 through present.

    **RESPONSE:**

14) Please produce copies of any policies, processes, or procedures Wells Fargo follows to match beneficiary names with account numbers when executing customers' wire transfer orders or instructions.

    **RESPONSE:**

15) Please produce copies of the Consumer Account Application for Karen Paige Account Numbers ending in 6081, 1523 or 9152.

    **RESPONSE:**

16) Copies of all internal correspondence which relate to the transactions at issue in this matter.

    **RESPONSE:**

**[SIGNATURE ON NEXT PAGE]**

Respectfully submitted,

This the 17th Day of March, 2021.

Corey V. Parton, N.C. Bar No. 45682
Attorney for Plaintiffs
PARTON LAW, PLLC
122 North McDowell Street
Charlotte, North Carolina 28204
Telephone: (704) 376-4488
Fax: (704) 731-0904
E-mail: Parton@PartonNC.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **PLAINTIFF NIRAV INGREDIENTS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION TO DEFENDANT WELLS FARGO BANK, N.A. PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 30(B)(6) & RULE 34.**

[X] Depositing a copy in a post office of official depository under the exclusive care and custody of the United States Postal Service, postpaid, in a properly addressed envelope as follows:

| | |
|---|---|
| Mignon A. Lunsford<br>Burr & Forman LLP<br>421 Fayetteville Street Suite 1100<br>Raleigh, North Carolina 27601 | Vic Hayslip<br>Burr & Forman LLP<br>420 North 20th Street Suite 3400<br>Birmingham, Alabama 35203 |

[X] Electronic Mail at the following address:

mlunfords@burr.com                    vhayslip@burr.com

This is the 17th Day of March, 2021

Corey V. Parton, N.C. Bar No. 45682
Attorney for Plaintiffs
PARTON LAW, PLLC
122 North McDowell Street
Charlotte, North Carolina 28204
Telephone: (704) 376-4488
Fax: (704) 731-0904
E-mail: Parton@PartonNC.com

# EXHIBIT C

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 3:20-cv-366

| | |
|---|---|
| NIRAV INGREDIENTS, INC. and ASH INGREDIENTS, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) (Taken via Zoom) ) |
| WELLS FARGO BANK, N.A. & JOHN DOE(s), | ) ) ) |
| Defendants. | ) ) |

30(b)(6) DEPOSITION

OF

WELLS FARGO

BY

SAVITA DAVIS

On Tuesday, March 30, 2021

REPORTER:  CHRISTINE A. TAYLOR, RPR

Case 3:20-cv-00366-FDW    Document 29-1    Filed 04/30/21    Page 23 of 36

A P P E A R I N G

For the Plaintiffs:      Ty K. McTier, Esq.
(via Zoom)               Redding Jones, PLLC
                         2907 Providence Road
                         Suite A303
                         Charlotte, North Carolina  28211
                         704.900.2215
                         tmctier@reddingjones.com

                         Corey V. Parton, Esq.
                         Parton Law, PLLC
                         122 North McDowell Street
                         Charlotte, North Carolina  28204
                         704-376-4488
                         parton@partonnc.com

For the Defendants:      Victor L. Hayslip, Esq.
(via Zoom)               Burr Forman, LLP
                         420 North 20th Street
                         Suite 3400
                         Birmingham, Alabama  35203
                         205.251.3000
                         vhayslip@burr.com

                         Mignon Lunsford, Esq.
                         Burr Forman, LLP
                         421 Fayetteville Street
                         Suite 1100
                         Raleigh, North Carolina  27601
                         919.334.4710
                         mlunsford@burr.com

Also Present:            Nirav Doshi
(via Zoom)

* * * * * * *

I N D E X

PAGE

EXAMINATION BY MR. McTIER                                  5
EXAMINATION BY MR. PARTON                                 43


DEPOSITION EXHIBITS MARKED:

Number 1     Plaintiffs' Amended Notice of 30(b)(6)        5
             Deposition
Number 2     Wells Fargo Bank, N.A.'s Answer and          10
             Affirmative Defenses
Number 3     Wells Fargo Bank, N.A.'s Responses to        14
             Plaintiffs' First Discovery Requests
Number 4     Claims document                              19
             Bates Wells Fargo 000038-000083
Number 5     Nirav Dye and Chemicals, Inc. document       23
             Bates Wells Fargo 000021-000022
Number 6     Customer Profile Page                        25
             Bates Wells Fargo 000023
Number 7     Complaint Summary                            28
             Bates Wells Fargo 000118-000120
Number 8     Complaint document                           29
             Bates Wells Fargo 000038
Number 9     Complaint document                           31
             Bates Wells Fargo 000037
Number 10    7/16/19 E-mails re: Complaint Case           31
             #143492095 Nirav H. Doshi
Number 11    PAC Case #SC0000143492095                    32
             Bates Wells Fargo 000034
Number 12    7/31/19 Wells Fargo Letter to Nirav          34
             Doshi, Bates Nirav Ingredients 000057
Number 13    Consumer Account Application                 36
             Bates Wells Fargo 000121-000123
Number 14    Consumer Account Application                 39
             Bates Wells Fargo 000509-000511
Number 15    Message Envelope document                    81
             Bates Wells Fargo 000001-000005

Lowrance Reporting Service, Inc.
704-543-7995        www.lowrancereporting.com
Case 3:20-cv-00366-FDW    Document 29-1    Filed 04/30/21    Page 25 of 36

Pursuant to Notice in the aforementioned matter and in accordance with the Federal Rules of Civil Procedure, this 30(b)(6) deposition of Wells Fargo by Savita Davis was taken via Zoom by plaintiffs beginning at 10:07 a.m. on March 30, 2021, before CHRISTINE A. TAYLOR, Registered Professional Reporter.

COURT REPORTER: Will Counsel please stipulate that in lieu of formally swearing in the witness, I will instead ask the witness to acknowledge that her testimony will be true under the penalties of perjury; that counsel will not object to the admissibility of the transcript based on proceeding in this way, and that the witness has verified that she is, in fact, Savita Davis.

MR. McTIER: Yes.

MR. PARTON: Yes, we stipulate.

MR. HAYSLIP: Yes. That would be allowed at all the depositions taken thus far in this matter.

COURT REPORTER: Do you hereby acknowledge that your testimony will be true under the penalties of perjury?

THE WITNESS: Yes, I do.

MR. HAYSLIP: Can you repeat that?

Q. Yeah, that was a long bad question. I'm sorry.

Do you have enough knowledge to testify about currency transaction reports with respect to Karen Paige's report?

A. I would say no. And the reason, just to be upfront, it's more of a task that's done within a branch. So I wouldn't even have access to perform a currency transaction report, if that makes sense. I would only be able to tell you, yeah, that I see that one was filed or not. I don't know if that's helpful.

Q. Yes, that is. Thank you.

So those are prepared and generated at the branch level?

A. Yes.

Q. And is it the same thing with respect to suspicious activity reports?

MR. HAYSLIP: I'm going to object. This is clearly outside of the scope of any designated topic, Ty -- or, excuse me, Corey. If you can point to me which topic fall under. But I would be -- I might withdraw that objection. But this is prohibited by statute. She can't even say whether one was filed or not filed with respect to this particular

Case 3:20-cv-00366-FDW    Document 29-1    Filed 04/30/21    Page 27 of 36

transaction. And I'm telling her not to answer whether one was filed or not filed.

MR. PARTON: Okay.

MR. HAYSLIP: Or anything that would lead to the determination that might be made from facts as whether one was filed or not filed.

MR. PARTON: I understand. So my question was generally if they're prepared and submitted at the branch level. Are you directing her not to answer that question?

MR. HAYSLIP: No. She can answer that question if she knows the answer. I don't even know if she knows the answer to that. But I still think it's outside the scope of this deposition. But if she can answer that one, I'll let her answer that, if you know.

A. Yes, currency transaction reports are done at the branch.

Q. And so my question was: Are suspicious activity transaction -- suspicious activity reports, are those done at the branch level?

A. Yes. And I don't know if it goes beyond that. That's just basically I know they can in the branch.

MR. PARTON: Okay. Vic, is it my

Case 3:20-cv-00366-FDW   Document 29-1   Filed 04/30/21   Page 28 of 36

understanding that you intend to direct her not to answer with respect to any questions about any suspicious activity reports in Karen Paige's account?

MR. HAYSLIP: Absolutely.

MR. PARTON: Okay. Do you intend to direct her not to answer with respect to any questions about currency transaction reports in Karen Paige's account?

MR. HAYSLIP: Yes. I don't think there's any alleged. We've given you the account statements, but -- and I don't think there's a single allegation in the Complaint about them either, nor is it set forth in any designated areas of testimony. Those would fall in the same category.

MR. PARTON: Okay.

Q. Ms. Davis, are you -- can you -- strike that.

Are you qualified to testify about Know Your Customer and Know Your Business regulations that would apply to Karen Paige's account?

MR. HAYSLIP: Object to the form.

A. No.

Q. Are you familiar with Know Your Customer regulations?

MR. HAYSLIP: Object to the form.

Lowrance Reporting Service, Inc.
704-543-7995      www.lowrancereporting.com
Case 3:20-cv-00366-FDW    Document 29-1    Filed 04/30/21    Page 29 of 36

A. I've heard the term before, but nothing that I technically operate with in my role.

Q. Okay. Are you familiar with Know Your Business regulations?

MR. HAYSLIP: Object to the form.

A. Again, terms that I've heard but doesn't really apply to my role.

Q. Okay. So do you not know what Know Your Customer regulations apply to Nirav Ingredients' account with Wells Fargo as well?

MR. HAYSLIP: Object to the form.

A. I do not.

Q. Okay. And is that the same for Know Your Business regulations?

MR. HAYSLIP: Object to the form.

A. Correct.

Q. Are you familiar with the purpose of Know Your Customer or Know Your Business regulations at all?

MR. HAYSLIP: Object to the form.

A. No.

Q. Okay. Are you familiar with unusual activity referrals?

A. Very basic.

Q. And what's your very basic understanding?

A. So for the use of unusual activity referrals, I do

know that's just a -- it is a task given to branch team members to report if there's something unusual that they find. I don't really know the ins and outs of it though.

Q. Do you know how an unusual activity referral differs from a currency transaction report?

A. Well, a currency transaction report is specific to a transaction over $10,000. That's to the basics that I know about that. Unusual activity, I'm not sure what the scope of that is of what they would refer.

Q. Okay. Are you aware if there was any unusual activity referrals submitted with respect to Karen Paige's checking or savings accounts?

A. No.

Q. And to be clear, no, there weren't any submitted or, no, you're not familiar?

A. I'm not familiar.

Q. Okay. Who would be familiar with that?

A. That would -- I would direct you back to the branch's line of business.

Q. Okay. So are those prepared at the branch level?

A. What is prepared, the unusual activity or the CTR? I wasn't quite sure what you were asking.

Q. Yes, ma'am. And I'll try not to use pronouns. I apologize for that. Are unusual activity referrals

prepared at the branch level?

A. Yes.

Q. Okay. And does you or someone in your department see when those are prepared or have the opportunity to see when those are prepared?

A. No.

Q. In your current role, do you do any specific risk management for customers and clients?

A. No.

Q. Okay. Who within Wells Fargo or what department is responsible for risk management?

MR. HAYSLIP: Object to the form.

A. I'm not sure. That could go in so many different areas. I'm not 100 percent sure.

Q. Okay. Who is responsible for risk management specific to each customer or client?

A. I mean, that could be a banker role. I mean, that could be a branch manager role. Again, I'm not sure. Because I'm not a front-facing customer -- my role is not front-facing with a customer, so I'm not sure.

Q. Okay. So are the individual branches responsible for making assessments of like the risk profile for businesses and clients that are their customers?

MR. HAYSLIP: Object to the form.

A. I don't know.

Case 3:20-cv-00366-FDW    Document 29-1    Filed 04/30/21    Page 32 of 36

Q.   Is that something that your department is responsible for?

A.   No.

Q.   Okay.  And just to be clear, do you know what department is responsible for that?

A.   I do not.

Q.   Okay.  What about customer identification procedures, is your department responsible for setting up those procedures?

A.   No.

Q.   Which department is responsible for that?

A.   I don't know the specific department.

Q.   Do you know what Wells Fargo's customer identification procedures or policies are?

A.   I do not.

Q.   Who at Wells Fargo is responsible for analyzing the type and frequency of the customer's transaction?

             MR. HAYSLIP:  Object to the form.

A.   Again, I don't know because that would be the customer's responsibility.

Q.   What would be the customer's responsibility?

A.   So you can correct me if I'm wrong, but your question sounds like you're asking me if who's maintaining the transactions or what's going on on the customer's account and that would be solely the customer that

Case 3:20-cv-00366-FDW    Document 29-1    Filed 04/30/21    Page 33 of 36

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:20-cv-366-FDW-DSC

NIRAV INGREDIENTS, INC. and ASH   )
INGREDIENTS, INC.,   )
  )
    Plaintiffs,   )
  )
  )
v.   )      **WORD COUNT CERTIFICATION**
  )
WELLS FARGO BANK, N.A. and JOHN   )
DOE(S),   )
  )
    Defendants.   )

**Now Comes** the Undersigned Counsel of Record for Plaintiff Nirav Ingredients, Inc. ("Plaintiff") and hereby certifies that, pursuant to Court Order [Doc. 28] in the above captioned matter and Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Exhibit A Section 3(b)(iv) (May 14, 2007), that the attached Plaintiff's Memorandum of Law in Support of Motion to Compel Defendant's Production of Specific Discovery contains approximately **874** words including headings, footnotes, quotations, and citations, and does not exceed the 900-word limitation, as proscribed by the Court. In making this certification, Undersigned Counsel has relied on the word count function available in Microsoft Word, which was used to prepare this brief.

RESPECTFULLY SUBMITTED,

This the 30th Day of April, 2021.

1

s/ **Corey V. Parton**

Corey V. Parton, N.C. Bar 45682
Attorney for Plaintiffs
Parton Law, PLLC
122 North McDowell Street
Charlotte, North Carolina 28204
Telephone: (704) 376-4488
Fax (704) 731-0904
E-mail: Parton@PartonNC.com

2

## CERTIFICATE OF SERVICE

The Undersigned Counsel certifies the foregoing **WORD COUNT CERTIFICATION** has been filed with the United States Court for the Western District of North Carolina, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consent to accept service by electronic means.

**s/ Corey V. Parton**

Corey V. Parton, N.C. Bar No. 45682
Attorney for Plaintiffs
PARTON LAW, PLLC
122 North McDowell Street
Charlotte, North Carolina 28204
Telephone: (704) 376-4488
Fax: (704) 731-0904
E-mail: Parton@PartonNC.com

3