UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00366-FDW-DSC

| | |
|---|---|
| NIRAV INGREDIENTS, INC. and ASH INGREDIENTS, INC., ) ) ) Plaintiffs, ) ) vs. ) ) WELLS FARGO BANK, N.A. and JOHN DOE(S), ) ) ) Defendants. ) ) | ORDER |

THIS MATTER is before the Court Defendant's Motion for Summary Judgment (Doc. No. 26). This matter has been fully briefed, and for the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

The facts of this case are largely undisputed, particularly where Plaintiffs' brief in opposition to the instant motion does not appear to contest any of the undisputed facts set forth by Defendant in its opening brief.[1] After reviewing the record, including the evidence provided in support of the instant motion, the Court adopts and incorporates by reference the Statement of Undisputed Facts found in Defendant's brief (Doc. No. 27, pp. 3-7).

---

[1] Notably, Plaintiff's brief presents only legal argument as to why summary judgment is not proper. Plaintiff did not provide a separate statement of facts or background section, and Plaintiff did not provide any exhibits or other evidence to the Court as part of its opposition to summary judgment. Without any argument or evidence to contradict the facts and evidence presented by Defendant, the Court can only conclude no genuine issues of material fact exist. The inquiry here thus focuses on whether Defendant is entitled to summary judgment as a matter of law. Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir .1993) ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a 'judgment as a matter of law.'").

In short, Plaintiffs seek to hold Defendant responsible for failing to protect them from being defrauded by a wire scheme perpetrated by an unidentified and unknown hacker ("Hacker"). Nirav Ingredients, Inc., ("Nirav") is in the business of distributing chemicals and ingredients, and Ash Ingredients, Inc., ("Ash") is one of Nirav's customers. Nirav is a customer of Defendant Wells Fargo Bank, N.A., ("Wells Fargo") where it has maintained a bank account and conducted banking transactions since at least 1995.

On May 16, 2019, Ash received an email that appeared to be sent by Nirav that contained new Wells Fargo account information (the "Account") for Ash to make electronic payment on two outstanding invoices from Nirav. A third-party Hacker, and not Nirav, sent the email as part of a fraudulent email scheme. On May 21, 2019, Ash wired $83,925.00 to the Account, and on May 24, 2019, Ash wired another $11,819.00 to the Account. Ash never verified the authenticity of the email or the Account with Nirav prior to sending both wires, and it is undisputed that the account number identified by Ash in the wire transfer matched the numbers of the Account. The Account belonged to K.P., who had opened the Account in person at a Wells Fargo branch on September 30, 2014. When K.P. opened the Account in 2014, Wells Fargo verified her identify and ran a search that found no negative banking history for her. Notably, no evidence before the Court suggests K.P. was the Hacker.

On June 3, 2019, Nirav reported the wires to Wells Fargo and informed the bank that Ash wired the funds pursuant to the email sent from Hacker and intended them to be transfers to Nirav. The wired funds, however, had already left the Account. In response to Nirav's report, Wells Fargo opened two claim numbers, one for each wire. On June 4, 2019, and in accordance with company policy, Wells Fargo placed a "Hard Hold" on the Account so the Account would be inaccessible while the bank investigated the claims. On June 18, 2019, Wells Fargo closed the

2

Account and ended its customer relationship with K.P. because she failed to promptly report receipt of the wired funds that were not intended for her. To date, Nirav has "not done anything to attempt to collect the balance of [the] outstanding invoices from Ash Ingredients." (Doc. No. 37-1, p. 12).

Nirav and Ash filed this suit in state court on June 5, 2020, and Wells Fargo subsequently removed it to this Court. This Court previously dismissed all claims against Wells Fargo except a narrow portion of a negligence claim: "Therefore, the Court will allow Nirav's state law negligence claim to proceed to the limited extent Plaintiffs rely on conduct relating to the opening and maintaining of a fraudulent account." Nirav Ingredients, Inc. v. Wells Fargo Bank, N.A., No. 320CV00366FDWDSC, 2021 WL 297136, at *4 (W.D.N.C. Jan. 28, 2021). Wells Fargo now moves for summary judgment on that claim.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once the moving party seeking has shown summary judgment to be appropriate, the opposing party may not rest upon mere allegations or denials but rather must, by affidavits or other means permitted by the rule, set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56; see also Celotex Corp., 477 U.S. at 323. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. ANALYSIS

Wells Fargo argues it is entitled to summary judgment for several reasons: (1) the statute of limitations bars the negligence claim; (2) no evidence supports a negligence claim to show Wells Fargo owed any duty, breached any duty, or proximately caused any damage; and (3) the economic loss rule bars the negligence claim. The Court addresses these arguments in turn.

**A. Ash Ingredients, Inc., and John Doe(s)**

To streamline the analysis, the Court first addresses the viability at this stage of any claims asserted by Ash or against the John Doe(s) defendants. The brief filed in opposition to the instant motion purports to make argument on behalf of *both* Nirav and Ash. For example, the brief identifies both parties at the outset: "*Plaintiffs* Nirav Ingredients, Inc., . . . *and Ash Ingredients, Inc.*, . . . hereby submit this Memorandum of Law in Opposition to . . . [the] Motion for Summary Judgment." (Doc. No. 32, p. 1 (emphasis added)). This Court has already recognized that although a named party to the Complaint, "Ash does not assert any claims for damages against Wells Fargo." Nirav Ingredients, Inc., 2021 WL 297136, at *2. Furthermore, in support of the instant motion,

Wells Fargo provided deposition testimony from Ash's corporate representative who agreed that Ash did not have any individual claim against Wells Fargo and stated, "The claim is that Ash Ingredients is supporting the claims that Nirav asserted." (Doc. No. 37-2, p. 15). Ash's representative also indicated that according to its business records, it considered the Nirav invoices as "paid" and agreed there are no "damages" that Ash can recover against Wells Fargo. Id. at pp. 13, 15. Given these uncontroverted admissions, no evidence before the Court could lead a reasonable jury to find in Ash's favor on the sole remaining negligence claim. To any extent Ash seeks to maintain a claim against Wells Fargo, Defendant Wells Fargo is entitled to summary judgment.

Similarly, the Complaint also seeks to assert claims against John Doe(s), the alleged Hacker, who has neither been identified nor appeared in this matter. To date, no party has not sought leave to amend the complaint to substitute a named defendant in place of the John Doe(s) defendants. Despite the opportunity for discovery among the parties, no evidence suggests the Hacker was also the Account owner K.P., and neither Nirav nor Ash have not sought leave to substitute K.P. in place of the unnamed John Doe(s) here. Accordingly, the Court *sua sponte* dismisses *without prejudice* the claims against Hacker and/or John Doe(s). See Attkisson v. Holder, 925 F.3d 606, 625–28 (4th Cir. 2019) (recognizing a court may *sua sponte* dismiss a John Doe defendant without prejudice "if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court" (citing Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982))); Massey v. Ojaniit, 759 F.3d 343, 347 n.1 (4th Cir. 2014) (same). This ruling is without prejudice to either Ash or Nirav's ability to subsequently file a new action against Hacker, should that person be identified.

**B. Statute of Limitations**

5

Wells Fargo argues Nirav's negligence claim, which is limited to the "opening and maintaining" of the Account, is barred by the applicable three-year statute of limitations. Under N.C. Gen. Stat. § 1-52, the statute of limitations for a negligence action is three years. Scott & Jones, Inc. v. Carlton Ins. Agency, Inc., 677 S.E.2d 848, 853 (N.C. Ct. App. 2009). "A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date." Birtha v. Stonemor, N.C., LLC, 727 S.E.2d 1, 7 (N.C. Ct. App. 2012).

In responding to the statute of limitations argument, Nirav conflates the "wrong giving rise to the right to bring suit" by arguing the statute of limitations did not begin to run until Ash made the two wire transfers to the Account in May 2019. This argument is misplaced. The Court has already concluded that Article 4A of the UCC preempts Nirav's state law negligence claim concerning the wire fund transfers and Nirav—the intended beneficiary of the wire transfers—lacks standing to sue under Article 4A of the UCC. Nirav Ingredients, Inc., 2021 WL 297136, at *2-4. Accordingly, Nirav cannot proceed on any state law claim that is premised on Wells Fargo's wire transfer processing conduct. In allowing a narrow portion of Nirav's claims to survive dismissal, the Court clearly limited the negligence claim to distinct and independent conduct relating to Wells Fargo's opening and maintaining of the Account. Id. at *3 (noting "that state law negligence claims rooted in 'the duties, obligations and liabilities applicable to bank functions *having nothing to do with a Fedwire transfer*' can evade preemption by Article 4A (citing Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 224 (4th Cir. 2002)).

Nirav filed its Complaint on June 5, 2020, which triggers the statute of limitations. A three-year look back period pursuant to N.C. Gen. Stat. § 1-52 therefore precludes any claims arising before June 5, 2017. Thus, Nirav's negligence claim based on the "opening" of the Account in

September 2014 is time barred. Similarly, any negligence in "maintaining" the Account that relies on conduct prior to June 5, 2017, is time barred. Wells Fargo is therefore entitled to summary judgment on Nirav's negligence claim for any conduct prior to June 5, 2017.

**C.     Negligence**

As to any negligence within the statute of limitations, Wells Fargo argues it is entitled the summary judgment because Wells Fargo does not owe Nirav any duty on the Account and, even if a duty was owed, Wells Fargo did not breach that duty or proximately cause any injury to Nirav. The Court agrees on all points.

"Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them." Coulter v. Catawba Cty. Bd. of Educ., 657 S.E.2d 428, 430 (N.C. Ct. App. 2008) (citation and quotation marks omitted).

> In order to establish actionable negligence, a plaintiff must show that: (1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury. A duty is defined as an obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

Whisnant v. Carolina Farm Credit, ACA, 693 S.E.2d 149, 156 (N.C. Ct. App. 2010) (citation omitted), disc. review denied, 705 S.E.2d 745 (N.C. 2011).

Under these facts and for the limited claim remaining, Nirav cannot show any duty owed to it by Wells Fargo. Nirav specifically asks this Court to decide that "Wells Fargo owed Nirav a duty of care, which includes making sure that Nirav[,] a customer of Wells Fargo[,] was not defrauded by another accountholder as a result of Wells Fargo's negligent . . . maintaining of other customer accounts." (Doc. No. 32, p. 10). Remarkably, Nirav provides no legal authority-under

7

North Carolina law or otherwise—to support this sweeping argument that banks owe a duty of care to *all accountholders* in the maintenance of *all* accounts.

Under North Carolina law, the relationship between a bank and its customer is governed by contract and by the Uniform Commercial Code ("U.C.C."), which creates statutory duties owed a customer by a bank. See N.C. Gen. Stat. §§ 25-4 and 25-4A. The North Carolina Court of Appeals, relying on well-settled North Carolina Supreme Court precedent, has explained the contractual relationship between a bank and its customer:

> The relationship between a depositor and her bank is "ordinarily, if not universally, that of a creditor and debtor. This relation arises out of the contract, express or implied, that the bank will, from time to time, pay to the depositor or to his order, upon his demand, amounts not exceeding his deposit or balance."

Napoli v. Scottrade, Inc., 814 S.E.2d 583, 2018 WL 2648448 *4 (N.C. Ct. App. 2018) (quoting Woody v. Bank, 140 S.E. 150, 152 (N.C. 1927)); see also Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 481 (4th Cir. 2012) (applying Maryland law to conclude, "Dealings between a bank and its customer generally do not allow for claims sounding in negligence. In such an instance, the relationship between the bank and customer is contractual in nature, not giving rise to an independent duty."); cf. Carlson v. Branch Banking & Tr. Co., 473 S.E.2d 631, 637 (N.C. Ct. App. 1996) ("[A]ny duty on the part of a commercial lender to a guarantor to monitor the use of loan proceeds by a borrower, must arise through contract;" and "In the absence of any express provision in plaintiffs' letter of credit requiring that defendant BB&T monitor the use made by Carolina First and Schamens of the loan proceeds to assure their use for the intended purpose of the loan, defendant owed plaintiffs no legal duty to do so. In the absence of such a duty, there can be no claim for negligence.").

Nirav has not provided any applicable authority to suggest a bank owes its customer any duties outside a contract and Article 4A.[2] As stated above, the Court has already ruled Nirav, as an intended beneficiary and not an originator, lacks standing to sue for the wire transfers under Article 4A,[3] and Nirav has not put forth any breach of contract claim in this suit. Without any North Carolina legal authority requiring Wells Fargo to exercise any duty of care for Nirav in the maintenance of *other* customer's accounts, Nirav's negligence claim must fail as a matter of law.

Even were a duty to exist, Nirav cannot show how Wells Fargo breached that duty in the maintenance of the Account or how any breach proximately caused any injury to Nirav. North Carolina appellate courts define proximate cause as:

> "a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed." *The element of foreseeability is a requisite of proximate cause*.

Williamson v. Liptzin, 539 S.E.2d 313, 319 (N.C. Ct. App. 2000) (quoting Hairston v. Alexander Tank & Equipment Co., 311 S.E.2d 559, 565 (N.C. 1984) (citations omitted)) (emphasis added). To prove that an action is foreseeable, a plaintiff is required to prove that "in the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." Hart v. Curry, 78 S.E.2d 170, 170 (N.C. 1953) (citation omitted).

---

[2] The Official Comment to N.C. Gen. Stat. Ann. § 25-4A-102 provides:
> The rules that emerged [in Article 4A] represent a careful and delicate balancing of those interests and are intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the Article. Consequently, resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article.

[3] Nirav Ingredients, Inc., 2021 WL 297136, at *4.

Nirav has identified no evidence to allow a reasonable juror to find in its favor on this issue of whether Wells Fargo breached any duty by improperly maintaining the Account so as to cause injury to Nirav. Nirav has provided no evidence to contest Wells Fargo's evidence that tends to show "At all times prior to May 2019, the Account was in good standing with no history of red flags or suspicious activity, including no fraudulent wire activity, no overdrafts, no fraudulent checks, and no claims filed." (Doc. No. 27, p. 5 (citations to exhibits omitted)). No evidence suggests that Wells Fargo failed to discover Hacker's use of the Account number prior to the email to Ash, and no evidence suggests that Wells Fargo failed to maintain the Account based on K.P.'s account activity. Despite having access to K.P.'s bank records, Nirav has not directed the Court to a single transaction that could have alerted Wells Fargo that K.P.'s account was being used as part of a fraudulent wire transfer scheme.

Nirav's argument that the Suspicious Activity Reports ("SAR") "will likely demonstrate Wells Fargo's failure to take appropriate action" is unavailing. The Court has already ruled that both statute and well-settled case law bar the disclosure of any SAR, (Doc. No. 30), and Nirav has not provided the Court any internal bank reports or documents that might make a hack on the Account foreseeable.[4] In any event, the Account statements, which Nirav admittedly has,[5] could demonstrate any arguably-suspicious deposits or withdrawals that Nirav might have used to support its breach or proximate cause arguments; yet, Nirav has not submitted to the Court any of these statements as evidence. Indeed, Nirav has not provided any evidence that would allow a reasonable jury to find the breach or causation elements satisfied. Because Nirav cannot establish

---

[4] See In re Whitley, No. 10–10426C–7G, 2011 WL 6202895 at *4 (Bankr. M.D.N.C. Dec. 13, 2011) ("[A]lthough a bank may undertake an internal investigation in anticipation of filing a SAR, it is also a standard business practice for banks to investigate suspicious activity as a necessary and appropriate measure to protect the bank's interests, and the internal bank reports or memorandum generated by the bank regarding such an investigation are not protected by SAR privilege.");

[5] See Doc. No. 32, p. 4.

these essential elements, its claim for negligence based on Wells Fargo's maintenance of the Account fails as a matter of law.

In sum, Wells Fargo is entitled to summary judgment on Nirav's negligence claim because Nirav cannot establish a duty owed, and no reasonable jury could find in Nirav's favor on a breach of duty or the reasonable foreseeability of injury by Wells Fargo's maintenance of the Account. In light of the ruling above, the Court declines to address at length Wells Fargo's alternative argument that Nirav's negligence claim is barred by the economic loss rule.[6]

## IV. CONCLUSION

For the reasons stated above, Nirav's claim against Wells Fargo for negligence in opening and maintaining a third-party's bank account is barred in part by the statute of limitations and fails as a matter of law because Nirav cannot establish Wells Fargo owed any duty, breached any duty, or proximately caused any injury.

IT IS THEREFORE ORDERED that Wells Fargo's Motion for Summary Judgment (Doc. No. 26) is GRANTED. The Clerk of Court is respectfully directed to enter judgment for Defendant; terminate any other pending motions and deadlines, including trial; and CLOSE THE CASE.

IT IS SO ORDERED.

Signed: July 9, 2021

Frank D. Whitney
United States District Judge

---

[6] "North Carolina courts have developed (and the Fourth Circuit has applied) the economic loss rule, which prohibits recovery for purely economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk." Kelly v. Georgia-Pac. LLC, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009); see also Legacy Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158, 164 (4th Cir. 2018) ("A 'tort action must be grounded on a violation of a duty imposed by operation of law,' not a violation of a duty arising purely from 'the contractual relationship of the parties.'" (quoting Rountree v. Chowan Cty., 796 S.E.2d 827, 831 (N.C. Ct. App. 2017))). As explained above, Nirav has failed to establish any extra-contractual duty owed to it by Wells Fargo.